JOHN D. PHILLIPS *v.* DANIEL G. CONANT.

[1]See, also, *Gibson v. Gillespie,* 4 *W. W. Harr.* (34 *Del.*) 331, 152 *A.* 589.

(*April* 11, 1935.)

LAYTON, C. J., and HARRINGTON, J., sitting.

*Robert G. Houston* for plaintiff.

*James M. Tunnell* for defendant.

Superior Court for Sussex County, No. 7, June Term, 1934.

LAYTON, C. J.:

The objection is overruled and the paper is admitted as a standard of Mr. Ewing's handwriting. See *McCafferty v. Heritage,* 5 *Houst.* 220.

The defendant was then shown another slip of paper, on which certain proper names were, also, written, and which he said he took from a table which Mr. Ewing was in the habit of using in the performance of his duties in the post office at Rehoboth.

He further testified:

Q. Why should names like that (referring to the slip) be written; was that in the course of his (Ewing's) business?

A. Those names were written to make out labels for mail bags carrying out the local newspapers.

Q. Whose duty was it to make those lists?

A. It was his (Ewing's).

Q. And was that the list made out by him at that time?

A. Yes, sir.

Q. Although you didn't see him do it?

A. No, sir.

Q. But you are familiar with his handwriting?

A. Yes, sir.

The slip in question was then offered in evidence by the defendant's attorney.

By *Mr. Houston,* attorney for the plaintiff:

Q. Will you swear positively that he (Ewing) wrote that (referring to the paper offered)?

A. Yes, sir.

Q. You didn't see him write it, did you?

A. No, sir.

Q. Is your testimony merely based on your opinion that this (referring to the paper offered) is his writing?

A. Yes, sir.

Mr. Houston then objected to the admission of the paper offered, on the ground that the witness could not say positively that Mr. Ewing had written the names appearing on it.

LAYTON, C. J., in overruling the objection, said:

▇▇▇ If standards of comparison are in dispute, a multiplicity of issues arises, but under *Section* 4230 of the *Revised Code,* 1915, the admission of writings as standards is largely in the sound discretion of the Court, that is, the writing must be proved to the satisfaction of the Court to be genuine.

The witness, the postmaster at Rehoboth, says that this paper was found by him in the post office on the table which was used by the witness, Ewing. While he did not see him write the names in question, in his opinion they were in Ewing's handwriting. In these circumstances, there being no other objection offered, we are satisfied that the writing should be admitted as a standard.

The defendant was then shown a paper which he said was in his own handwriting, but which he admitted had

been written by him the day before to be used by a hand-writing expert, who was expected to testify on his behalf in the case. This paper was offered in evidence, but its admission was objected to on the ground that it had been written by the defendant to be used at the trial and that it, therefore, could not safely be used as a standard of comparison.

LAYTON, C. J.:

The objection is sustained.